UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. AIDAN FORSYTH,<br><br>Plaintiff,<br><br>v.<br><br>CLUB AT MORNINGSIDE INC., individual<br>and as defendant class representatives, et al.,<br><br>Defendants. | Civil Action No. 24-1175 (RCL)<br>**<u>UNDER SEAL</u>** |

### UNITED STATES' RESPONSE TO COURT ORDER AND<br>CONSENT MOTION FOR RECONSIDERATION

The United States of America ("United States" or "Government") respectfully responds to this Court's Order August 19, 2024, and requests that the Court reconsider its Order of October 25, 2024, by permitting the United States through February 17, 2025, to notify this Court of its decision whether to intervene in this qui tam action before the individual Defendants are served with process in this action. The undersigned consulted with Relator's counsel and learned that Relator consents to the relief sought by this motion.

### RESPONSE TO COURT'S ORDER

The undersigned counsel respectfully conveys his deep regret for the confusion that led to the United States failing to timely to respond to the Court's Order August 19, 2024. By way of explanation, the undersigned relays the following. On June 17, 2024, the U.S. Attorney's Office received Relator's complaint in this action, and undersigned counsel was thereafter assigned to the case. Shortly thereafter, undersigned counsel prepared an application for an extension of time to consider the Government's election regarding intervention and filed the Application on August 13, 2024.

RECEIVED
NOV 7 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

On August 19, 2024, the Court issued an order for the United States to explain why this Court should consider its Motion for Extension "without informing the Relator." Order, ECF No. 3. Although the undersigned received the order from the Court via electronic mail, the undersigned inadvertently misfiled the order into an archive file for another, unrelated matter. Due to this misfiling, the undersigned did not properly record the deadline set by the Court on his calendar, which led to him inadvertently failing to respond to the order. This precipitated the Court's Order of October 25, 2024, where it lifted the seal over this action and directed relator to service Defendant with process. The undersigned has informed the Office's Civil Chief and Affirmative Enforcement Coordinator of these inadvertent errors and is taking steps to ensure they do not occur again.

The Government respectfully requests that due to the inadvertence of this error, the Court reconsider its October 25, 2024, and permit the United States an additional period to complete its investigation into this matter and render an intervention decision before the individual Defendants are served with process and active litigation in this matter ensures. The United States does not seek to reconsider the Court's lifting of the seal in this matter, and it intends to serve Relator with all filings in this case moving forward through the Court's CM/ECF system.

## BACKGROUND

Relator filed this action alleging that Defendants made or caused to be made false claims for payment and related false records to the Government in violation of the False Claims Act. Specifically, the Complaint in this matter alleges that a class of Defendants were engaged in misconduct and practices concerning their unlawful receipt and retention of first-draw Paycheck Protection Program ("PPP") funds from the Small Business Administration ("SBA"). Compl. ¶¶ 3-4. Relator alleges that, between March and June 2020, Defendants knowingly submitted, or

caused others to submit, PPP loan applications and loan-related information for loans that falsely stated they were eligible PPP borrowers, when in fact, as Defendants alleged knew they were "501(c)(7) social clubs," a category of nonprofit organizations that were ineligible for first draw PPP loans. Relators claim that the conduct alleged in the Complaint violated 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B), (a)(1)(G). Compl. ¶ 9. Relator states that Defendants' alleged PPP fraud caused the United States to suffer economic losses, including, but not limited to the amounts of PPP loan forgiveness and fees paid to the PPP lending banks and institutions. Compl. ¶10.

## STATUS OF INVESTIGATION

Pursuant to its obligations under the False Claims Act, the Government has reviewed Relator's allegations and disclosure material and commenced an investigation. Among other efforts, the investigative team has collected all PPP loan information in the possession of the SBA. That said, because PPP loan applications are made directly with the banks who issued the loan proceeds, the SBA does not have a complete set of the relevant loan documents in its possession. Accordingly, the United States is preparing civil investigative demands to those banks for those records.

The investigative team has also requested additional information from Relator, and Relator has responded to that request. The investigative team also intends to consult subject matter experts concerning PPP loans, its prohibition for Section 501(c)(7) social clubs, its application to Defendants specifically, and consider to what extent it needs to directly approach Defendants for further information.

As such, the Government seeks an extension to allow it a reasonable period to complete these investigative efforts and make an informed decision on intervention.

## ARGUMENT

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2)   A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3)   The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)[.]

31 U.S.C. §§ 3730(b)(2), (3).

The United States respectfully submits that it has good cause for an extension in this case. As discussed above, the Government's investigation into Relator's allegations has proceeded diligently. The United States, though, needs additional time to undertake further efforts as appropriate to investigate thoroughly Relator's allegations. *See, e.g.*, *United States ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1345 (4th Cir. 1994) ("the intervention decision may at times require substantial, time-consuming investigation" beyond the initial intervention period); *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 425 (2023) (noting that the intervention deadline is "often extended for 'good cause'"). Accordingly, the Government respectively requests that the Court extend its intervention period through February 17, 2025.

\* \* \*

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court accept undersigned counsel's sincere apology for the failure to timely respond to the Court's prior orders in this matter and reconsider its denial of the United States' request that the time for its intervention decision in this action be extended through and including February 17, 2025, during which time the Government requests that the Complaint and other documents filed in this matter remain under seal. A proposed order is enclosed herewith.

Dated: November 4, 2024            Respectfully submitted,

                                          MATTHEW M. GRAVES, D.C. Bar #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                                   By:       */s/ Benton G. Peterson*
                                          BENTON G. PETERSON, Bar #102984
                                          Assistant United States Attorney
                                          601 D Street, NW
                                          Washington, DC 20530
                                          (202) 252-2534

                                          *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. AIDAN FORSYTH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CLUB AT MORNINGSIDE INC., individual<br>and as defendant class representatives, et al.,<br><br>　　　　　Defendants. | Civil Action No. 24-1175 (RCL)<br>**UNDER SEAL** |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of the United States' response to the Court's order and motion for reconsideration, and the entire record herein, it is hereby:

ORDERED that the United States' motion is GRANTED;

ORDERED that the United States shall have through and including February 17, 2025, within which to notify the Court whether it intends to intervene in this matter; and it is further

ORDERED that the obligation of Relator to serve Defendants is extended pending further order of the Court.

SO ORDERED:

_____　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　ROYCE C. LAMBERTH
　　　　　　　　　　　　　　　　　　　　　United States District Judge