UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. AIDAN FORSYTH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CLUB AT MORNINGSIDE INC. et al.,<br><br>　　　　　Defendants. | Civil Action No. 24-1175 (RCL) |

**NOTICE OF LIMITED PARTIAL INTERVENTION**
**FOR THE PURPOSE OF SETTLEMENT**

　　　Pursuant to 31 U.S.C. § 3730(b)(2) and (4) and § 3730(c)(3), the United States of America (the "United States" or "Government") notifies the Court of its decision to make a limited, partial intervention in this action against Defendant Woodholme Country Club Inc. ("Woodholme") for the purpose of settlement. The United States, Relator Aidan Forsyth, and Defendant Woodholme have reached a settlement-in-principle that the parties are in the process of finalizing.

　　　On December 19, 2025, the Government informed the Court that it was not intervening in Relator's qui tam lawsuit at that time but that it was continuing its investigation of the named defendants and would seek to intervene at a later date upon a showing of good cause. 31 U.S.C. § 3730(c)(3). Section § 3730(c)(3) states that a court may "permit the Government to intervene at a later date upon a showing of good cause." The fact that the Government, Relator, and Woodholme have reached a settlement-in-principle of the claim asserted in Relator's Complaint against Woodholme presents good cause for the Government's limited partial intervention. There is good cause for this limited partial intervention because it allows for the resolution of Relator's claim against one of the named defendants. *See Balko v. Senior Home Care, Inc.*, Civ. A. No. 13-3072,

2017 WL 11037320, at *2 (M.D. Fla. Jan. 3, 2017) (concluding "that the Government demonstrated good cause to intervene in this action" where Government reached a proposed settlement with the defendant).

The Government makes this limited intervention as to Defendnat Woodholme only relating to Relator's allegation that Woodholme unlawfully obtained a Paycheck Protection Program ("PPP") forgiveable loan, which was a loan program created by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and administered by the Small Business Administration, through false representations of Woodholme's eligibility for the loan.

The United States and Relator will file a Notice of Dismissal of this action and settled claims as against Woodholme following the final payment of the respective agreed settlement amounts by Woodholme.

The United States' investigation regarding the remaining defendants named in this action continues, and the United States reserves the right to seek to intervene at a later date upon a showing of good cause pursuant to 31 U.S.C. § 3730(c)(3).

A proposed order is enclosed.

Dated: March 6, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ Sean M. Tepe_____
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2533
Sean.Tepe@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. AIDAN FORSYTH,<br><br>Plaintiff,<br><br>v.<br><br>CLUB AT MORNINGSIDE INC. et al.,<br><br>Defendants. | Civil Action No. 24-1175 (RCL) |

### [PROPOSED] ORDER

The United States of America (the "United States") having made a limited partial intervention for purposes of settlement with Defendant Woodholme Country Club Inc. ("Woodholme") in this action, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4) and (c)(3), the Court rules as follows:

IT IS ORDERED that,

1. Notwithstanding the United States' previous Notice of Non-Intervention At This Time (ECF No. 23), the False Claims Act "permit[s] the Government to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c)(3);

2. The United States reports that it, Relator, and Woodholme have reached a settlement-in-principle that the parties are in the process of finalizing. The settlement-in-principle with Woodholme constitutes good cause for a limited partial intervention in this action as against Woodholme only; and

3. The United States and Relator shall file a Notice of Dismissal of this action and settled claims as against Woodholme following the final payment of the respective agreed settlement amounts by Woodholme.

_____  _____
Date                          ROYCE C. LAMBERTH
                              United States District Judge